

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00222-CR

DON ERIC WOLTERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 25,203-B, Honorable John B. Board, Presiding

November 20, 2015

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Don Eric Wolters appeals the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of evading arrest or detention using a vehicle,[1] and sentencing him to twenty years imprisonment and a $1,500 fine.

The reporter's record was filed on July 1, 2015. The trial court clerk's record was filed on September 22. Consequently, appellant's brief was due on October 22.

---

[1] TEX. PENAL CODE ANN. § 38.04 (West Supp. 2015).

Appellant has neither filed a brief nor requested an extension of time. On October 29, we sent appellant notice that his brief was past due. In that letter, we informed appellant that if he failed to file his brief by November 9, the appeal would be abated and the cause remanded to the trial court for further proceedings without further notice. Appellant has not filed a brief and we have had no further communication from appellant's counsel.

Appellate Rule 38.8(b) provides, in part, that in a criminal case an appellant's failure to file a brief does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule of Appellate Procedure 38.8(b).

On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant desires to prosecute his appeal;

2. whether appellant is indigent and entitled to the appointment of counsel;

3. whether appellant has abandoned the appeal or failed to make necessary arrangements for filing a brief;

4. the reason for the failure to file a brief; and

5. if appellant desires to continue the appeal, the date the Court may expect appellant's brief to be filed.

Should the trial court determine appellant desires to prosecute this appeal and is indigent, it shall determine whether present counsel should remain as appellant's counsel or new counsel should be appointed. Should the trial court appoint new counsel or if appellant has retained new counsel, the name, postal service and e-mail addresses, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court in an order of the trial court.

Finally, the trial court shall execute findings of fact, conclusions of law, and any orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 21, 2015.

New counsel, if any, shall file appellant's brief within thirty days of the date of appointment or engagement; however, should current counsel be permitted to remain as counsel, he shall file appellant's brief within ten days of the trial court's decision.

It is so ordered.

Per Curiam

Do not publish.